UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JAMES HOWARD LANEY, | ) |  |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 4:10CV2119 JCH |
| DOUG PRUDDEN, | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Missouri State prisoner James Howard Laney's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

Petitioner was convicted of aggravated rape in 1984, and sentenced as a persistent offender to thirty years imprisonment without the possibility of probation or parole. *Rentschler v. Nixon*, 311 S.W.3d 783, 785 (Mo. 2010). At the time of Petitioner's sentence the conditional release statute, Mo.Rev.Stat. § 558.011 (1978), did not explicitly exclude violent felons from consideration for conditional release. *Id.* The Missouri General Assembly amended § 558.011 in 1990, removing conditional release eligibility for inmates convicted of certain dangerous felonies, including forcible rape. *Id.*, citing Mo.Rev.Stat. § 558.011 (Supp. 1990). Petitioner filed suit in Missouri state court, claiming this amendment violated both the Missouri and United States Constitutions. Upon denial of his claims in state court, Petitioner filed the instant § 2254 petition for writ of habeas corpus on September 9, 2010, claiming the denial of his alleged right to conditional release violated the *ex post facto* clause of the United States Constitution. (ECF No. 1).

## **DISCUSSION**

As stated above, Petitioner raised his claim before the Missouri state courts, and the Circuit Court of Cole County, Missouri denied the claim in relevant part as follows:

> Petitioner was sentenced in 1984, as a persistent offender, to serve a thirty year term for rape pursuant to the then version of § 558.018 RSMo. That version of the statute provided that a persistent offender convicted of rape must serve a term of not less than thirty years, which term shall be served without probation or parole.
>
> Petitioner now looks at § 558.011.4 RSMo and says "why am I not entitled to a conditional release for this conviction?" Petitioner points to the version of § 558.011.4 RSMo which was in effect in 1984 and notes that the current exclusion for dangerous felonies did not then appear in the law. Petitioner argues that it is an unconstitutional, retrospective application of the law to deny him conditional release based upon a later dated statute. These arguments fail.
>
> First, the statute under which Petitioner was sentenced was specific to his conviction and says, no release on probation or parole. When the General Assembly has addressed a specific issue, one cannot rely upon a general statute to get a different result.
>
> Second, the conditional release is time served on parole as explained by the Comment to 1973 Proposed Code, § 558.011 RSMo (1999). The General Assembly has specifically denied release on probation or parole for persistent sexual offender. It did not carve out an exception like seen in § 217.690.6 RSMo. It follows that conditional release would not be permitted for a persistent sexual offender as it would have the same effect as the granting of parole.
>
> Third, the current version of § 558.011 specifically excludes conditional release for dangerous felonies such as rape. The fact that the statute, § 558.011 RSMo. has been changed does not create a retroactive application of law. This issue was considered in *Cooper v. Holden*, 189 S.W.3d 614 (Mo. App. 2006) wherein the same argument was made and rejected. Plaintiff has no conditional release date established in 1994. As in *Cooper* procedural changes do not affect substantive rights and do not offend the retroactive application of laws provision of the Missouri Constitution.
>
> None of the subsequent statutory amendments have removed or changed the fact that when Petitioner was sentenced and still to this date, persistent sexual offenders are not eligible for probation or parole. They must serve out the full sentence.
>
> There is no ambiguity created by the statutes. Petitioner is not entitled to probation or parole or any other form of conditional release, on his 30 year sentence for rape as he was found to be a persistent offender.

(Petitioner's Exh. C, PP. 1-3). Petitioner advanced the claim on appeal, and the Missouri Supreme Court denied the claim as follows:

> Laney argues that the amendment to section 558.011 is an ex post facto law. The federal and Missouri constitutions prohibit ex post facto laws. U.S. Const. art. I, sec. 10, cl. 1; Mo Const. art 1, sec 13. However, ex post facto laws only affect criminal matters--in this case, the sentence that [Laney] received. *See Galvan v. Press*, 347 U.S. 522, 74 S.Ct. 737, 98 L.Ed. 911 (1954); *See Mahler v. Eby*, 264 U.S. 32, 44 S.Ct. 283, 68 L.Ed. 549 (1924). Section 558.011 specifically bifurcates a conviction into "a sentence term" (which would be germane to an ex post facto consideration) and "a conditional release term" (which is not germane).
>
> Any modification of the *conditional* term cannot affect the *sentence* term originally imposed against Laney....Laney's *sentence* term before and after the 1990 amendment was 30 years in prison. Nothing in the amendment to section 558.011 changes [that] sentence term[], so there can be no violation of the ex post facto clause. Point denied.

*Rentschler*, 311 S.W.3d at 788.

Upon consideration, this Court notes the Missouri courts found Petitioner was ineligible for conditional release both before and after the 1990 statutory modification. As a federal habeas court, this Court must defer to the state court's interpretation of state law. *See, e.g., Ellis v. Norris*, 232 F.3d 619, 622 (8th Cir. 2000), *cert. denied*, 532 U.S. 935 (2001); *Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991) (citation omitted) ("the interpretation of state crediting statutes is a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction"). The state courts' determination thus effectively ends the matter, as the *ex post facto* clause is not violated by a statutory amendment that neither retroactively alters the definition of the crime nor increases the punishment therefor. *See, e.g., Weaver v. Graham*, 450 U.S. 24, 28, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981) (footnote and citations omitted) ("The *ex post facto* prohibition forbids the Congress and the States to enact any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'"); *Williams v. Hobbs*, 658 F.3d 842 (8th Cir. 2011); *Collins v. Youngblood*, 497 U.S. 37, 110 S.Ct. 2715, 111

L.Ed.2d 30 (1990).  Petitioner's petition for writ of habeas corpus must therefore be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is **DENIED**, and his claim is **DISMISSED** with prejudice.  A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability.  See *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

Dated this  4th  day of March, 2013.

    /s/Jean C. Hamilton
    UNITED STATES DISTRICT JUDGE